U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 2 0 2019

CLERK, U.S. DISTRICT COURT
By_____
Deputy



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DONN DEVERAL MARTIN,                 §
                                     §
            Petitioner,              §
                                     §
v.                                   §        No. 4:19-CV-743-A
                                     §
LORIE DAVIS, Director-TDCJ-ID,       §
                                     §
            Respondent.              §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254 filed by petitioner, Donn Deveral Martin, a

state prisoner confined in the Correctional Institutions Division

of the Texas Department of Criminal Justice, against Lorie Davis,

director of that division, respondent. Having reviewed the

petition, the court finds that it should be dismissed as an

unauthorized successive habeas petition. No service has issued

upon respondent.

### I. Factual Background

Petitioner challenges his 2007 conviction in the 372nd

District Court, Tarrant County, Texas, Case No. 1017612D, for

aggravated sexual assault of a child under 14 years of age for

which he was sentenced to 99 years' confinement.[1] (Pet. 7, doc.

---

[1]According to petitioner, "this petition directly involves this
conviction and indirectly involves the other convictions" in Case Nos.
1017791D and 1017792D for indecency with a child, Case Nos. 1017793D,
1017794D, and 1017796D for aggravated sexual assault of a child younger than
14 years of age, and Case Nos. 1066504R, 1066506R, and 1066507R for sexual
performance by a child.

3.) In 2011 petitioner filed a prior federal habeas petition challenging the same state-court conviction, which was dismissed as time-barred under the federal statute of limitations. *See* Pet., Martin v. Thaler, No. 4:11-CV-447-Y, doc. 2.[2]

## II. Successive Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas-corpus petition to be summarily dismissed.[3] The Court of Appeals for the Fifth Circuit recognizes the district courts' authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state.

---

[2]The court takes judicial notice of the record in petitioner's prior habeas action.

[3]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:
> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

Title 28 U.S.C. § 2244(b) requires dismissal of a claim presented in a second or successive petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless the petition is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3)(A).

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when, as here, it raises a claim or claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition. *See Crone v. Cockrell,* 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain,* 137 F.3d 234, 235 (5th Cir. 1998). The statutory provision applies even if the petitioner's initial petition was dismissed on limitations grounds. Further, before such a petition is filed in federal

3

district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3)(A).

From the face of this petition, it is apparent that this is a successive petition, and petitioner has not alleged or demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3). Without such authorization, this court is without jurisdiction to consider the petition. *See Kutzner v. Montgomery Co.*, 303 F.3d 339, 339 (5th Cir. 2002); *United States v. Orozco-Ramirez,* 211 F.3d 862, 867 (5th Cir. 2000); *Hooker v. Sivley,* 187 F.3d 680, 681-82 (5th Cir. 1999). Accordingly, the petition should be dismissed to allow petitioner to seek authorization to file his petition in the United States Court of Appeals for the Fifth Circuit. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

For the reasons discussed herein,

It is ORDERED that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed without prejudice as an unauthorized successive petition. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and

is hereby, denied.

SIGNED September __20__, 2019.


JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE